IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TROPIC ISLAND CRUISES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 4:21-cv-545 |
| SKIPPERLINER INDUSTRIES, INC. | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Tropic Island Cruises, Inc. ("Tropic Island" or "Plaintiff"), by and through its undersigned counsel, Fox Smith, LLC, and for its this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§2201 and 2202, states as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment to discharge a preferred mortgage on a commercial vessel, the Tropic Island II (official number: 1079851; hull ID no.: 968) ("Vessel") and seeking declaratory relief pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 and 2202) and Rule 57 of the Federal Rules of Civil Procedure. Tropic Island seeks this Court's Order and Judgment that the preferred mortgage filed in regards to the vessel by defendant, Skipperliner Industries, Inc. ("Skipperliner" or "Defendant") in 1999 has been satisfied in full and that Skipperliner has no existing claim of debt regarding the Vessel

2. The existence of Defendant's unreleased preferred mortgage has prejudiced Plaintiff since the mortgage's recent discovery. Defendant's unreleased preferred mortgage on the Vessel has obstructed the Vessel's sale to a prospective buyer because it prevents the Vessel from being documented by the United States Coast Guard, a requirement for the Vessel's lawful

commercial operation.  This obstruction to the Vessel's documentation is also currently preventing the Vessel from lawfully operating, severely and continually prejudicing Plaintiff by interrupting the Vessel's use as a source of income.

3. On personal knowledge as to itself, by its own acts, and on information and belief as to all other matters, Plaintiff seeks an Order and Judgment of this Court that Skipperliner's preferred mortgage on the Tropic Island II exists in error and should thereby be discharged in order to satisfy the requirements of 46 U.S.C. §§31321 and 31322 for purposes of the Vessel's documentation with the United States Coast Guard.

## PARTIES

4. Plaintiff Tropic Island is a recreational cruise company organized and existing pursuant to the laws of Missouri, operating in Osage Beach, Missouri and with its principal place of business in St. Charles, Missouri.

5. Defendant Skipperliner was a vessel manufacturing company organized and existing pursuant to the laws of Wisconsin with its principal place of business in Onalaska, Wisconsin.

6. Defendant Skipperliner has been dissolved since January 3, 2012.  (see Exhibit 1, Certified Record from Wisconsin Department of Financial Institutions)  Upon information and belief, as of this filing, the registered agent listed on Skipperliner's last corporate filing is Moen Sheehan Meyer Ltd, 201 Main Street, Suite 700, La Crosse, WI 54601.  (see Exhibit 2, corporate record summary from Wisconsin Department of Financial Institutions website)

7. The vessel Tropic Island II is a commercial vessel currently located on the Lake of the Ozarks in Osage Beach, Missouri.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to its original jurisdiction over any civil case of admiralty or maritime jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1333 because the subject of this controversy, the Vessel, is a documented vessel by the United States Coast Guard.

9. Furthermore, this Court has jurisdiction under the Maritime Line Act, 46 U.S.C. §31343(c)(2) ("The district courts of the United States shall have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien claimed under subsection (b) of this section, or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties.") pursuant to 46 U.S.C. §31325(a) ("A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel.")

10. This Court has subject matter jurisdiction over this matter under diversity jurisdiction as plaintiff and defendant are residents of different states and 46 U.S.C. Section 31343(c)(2) provides for jurisdiction regardless of the amount in controversy.

11. This is an action for declaratory relief within the admiralty and maritime jurisdiction of the United States District Court and is brought within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure governing admiralty and maritime claims.

12. Venue is proper in accordance with 46 U.S.C. Section 31343(c)(2) which allows for venue in the district where the vessel is found or where the claimant resides or where the notice of claim of lien is recorded. Plaintiff's principal place of business is within this district, in St. Charles, Missouri.

## FACTUAL BACKGROUND

13. On or about April 12, 1999, Plaintiff negotiated the purchase of the Vessel from Defendant. American Sterling Bank provided the financing. The purchase price was $800,000.

14. The Vessel was to be delivered from Defendant's business in Onalaska, Wisconsin, to Plaintiff's business in Osage Beach, Missouri. American Sterling Bank was only willing to finance $700,000 of the purchase price prior to the Vessel's delivery in satisfactory condition. The remainder of the purchase price was financed by a preferred mortgage on the Vessel, filed by Defendant in the amount of $100,000 (see Exhibit 3, General Index of Abstract Title).

15. Shortly after the Vessel's delivery and after some additional negotiation regarding the Vessel's satisfactory condition, American Sterling Bank satisfied the Defendant's $100,000 loan. The only institution with a remaining debt interest in the Vessel was American Sterling Bank.

16. Despite negotiating and receiving payment to satisfy its preferred mortgage of $100,000 on the Vessel, Defendant failed to file a formal release or satisfaction of its preferred mortgage on the Vessel.

17. The Vessel was re-financed again on or about March 30, 2007, by Central Bank of Lake of the Ozarks in the amount of $567,000. In doing so, Central Bank of Lake of the Ozarks and Plaintiff paid off American Sterling Bank's loan, which was the only remaining debt interest from the original purchase. (see Exhibit 4, General Index of Abstract Title Continuation Sheet No. 1).

18. Throughout the above financial transactions, the Vessel was documented with the United States Coast Guard and operated lawfully as a commercial vessel for more than 21 years.

Recently, when Plaintiff agreed to sell the Vessel, Defendant's unreleased preferred mortgage was discovered by the United States Coast Guard's National Vessel Documentation Center. The United States Coast Guard will not issue a valid Certificate of Documentation for the Vessel unless Defendant's preferred mortgage is satisfied with a release or this Court's Order.

19. Defendant does not have a debt interest in the Vessel. Defendant's preferred mortgage regarding the Vessel was satisfied in 1999.

20. Plaintiff, by and through its counsel, has attempted to reach an authorized agent of Defendant through its own investigation and through communication with Defendant's last known registered agent. Both avenues have been unsuccessful.

21. Plaintiff does not seek damages in this action, but Plaintiff continues to be prejudiced by its inability to complete the sale of the Vessel and its inability to lawfully operate the Vessel.

**Count 1 - Declaratory Judgment: Skipperliner has no debt interest related to the Tropic Island II and its preferred mortgage is extinguished.**

22. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 21.

23. Plaintiff seeks a Declaration from this Honorable Court that as a consequence of Defendant's debt interest relative to the Vessel being fully satisfied, Skipperliner's preferred mortgage in the amount of $100,000 recorded with the United States Coast Guard Vessel Documentation Center is null, void and should be released forthwith as of record with the United States Coast Guard. Plaintiff seeks an Order of this Court that Skipperliner's preferred mortgage of $100,000 is extinguished and satisfied for purposes of the United States Coast Guard's records. Such an order is necessary and indispensable because Plaintiff's interest in the Vessel

continues to be seriously compromised by the continued existence of the inadvertently un-released preferred mortgage of Defendant rendering it impossible for the Vessel to be documented for lawful operation by the United States Coast Guard.

## **PRAYER FOR RELIEF**

WHEREFORE, Tropic Island prays that this Court enter a declaration and judgment in its favor finding that:

(a) Defendant has no debt interest in the Tropic Island II (No. 1079851);

(b) Defendant's preferred mortgage, documented with the United States Coast Guard, is satisfied in full;

(c) Ordering the United States Coast Guard National Vessel Documentation Center to document Skipperliner's preferred mortgage of $100,000, filed on April 15, 1999 as satisfied in full; and

(d) Any other further relief that this Court deems just and proper and granting such additional declaratory and other relief as this Court deems just and proper.

/s/ Stanislav Levchinsky
Stanislav Levchinsky, #63030MO
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, Missouri  63102
(314) 588-7000
(314) 588-1965 (Fax)
slevchinsky@foxsmithlaw.com

Attorneys for Plaintiff